UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOHUA HUANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-04679-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: ECF 82 |

Pro se Plaintiff Xiaohua Huang filed this case alleging direct and indirect infringement of his patent, U.S. No. RE45,259 ("'259 Patent"). After several rounds of briefing in two different jurisdictions, the Court considers whether Plaintiff should be granted further leave to amend. Upon review of Defendant Amazon.com Inc.'s ("Amazon") motion to dismiss, coupled with Plaintiff's proposed third amended complaint, the Court concludes further amendment is futile. Accordingly, Amazon's motion to dismiss the second amended complaint is GRANTED and Plaintiff's motion to file a third amended complaint is DENIED.

**I.　BACKGROUND**

Plaintiff alleges he is the inventor and "owner of all rights, title, and interest in" the '259 Patent, titled "Hit Ahead Hierarchical Scalable Priority Encoding Logic and Circuits." ECF 71 ("SAC") ¶ 12. Plaintiff initially filed this suit in the District Court for the Middle District of Florida against Meta Platforms, Inc. ("Meta"), alleging its virtual

reality hardware infringed upon the '259 Patent. *See* ECF 1 ¶ 8. Plaintiff filed an amended complaint, naming Best Buy Co., Inc.; Walmart, Inc.; and Amazon.com, Inc. ECF 33. The Florida court subsequently transferred the action to this judicial district. ECF 39.

Shortly after the transfer, Meta filed a motion to dismiss the first amended complaint. ECF 54. Meta argued, *inter alia*, that Plaintiff failed to adequately identify the allegedly infringing products or identify how Meta's products infringed claim 29 of the '259 Patent. *Id.* at 7. Before the Court could rule on the Meta's motion, Plaintiff filed a Second Amended Complaint ("SAC"). ECF 71. The SAC omitted Meta, Best Buy and Walmart, listing only Defendant Amazon. The Court retroactively granted Plaintiff leave to amend, thereby accepting the SAC as the operative complaint and Amazon as the sole defendant. ECF 79. However, the Court stated "[n]o further amendment of the pleadings . . . will be allowed without advance leave granted by the Court." *Id.* at 1-2.

Amazon filed the present motion to dismiss the SAC. ECF 82 ("Mot."). In response, Plaintiff filed an administrative motion for leave to file a third amended complaint. ECF 83. The Court ordered Plaintiff to file a proposed third amended complaint with a redline version to illustrate the changes. ECF 85. Plaintiff timely filed the proposed third amended complaint. ECF 87.[1] Amazon filed a response, opposing Plaintiff's request to file a third amended complaint. ECF 88. Both parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). ECF 51, 73.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

---

[1] The Court references the redline version of the third amended complaint for comparison purposes.

reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  DISCUSSION

Plaintiff alleges Amazon directly infringed, and induced its customers to infringe, the '259 Patent. The Court addresses each theory below.

### A.  Direct Patent Infringement

To prevail on a claim for direct patent infringement, a plaintiff must establish ownership of the patents and show that the accused infringer, without authorization, made, used, offered to sell, sold, or imported the patented invention. 35 U.S.C. § 271(a). A plaintiff's claims of infringement do not satisfy "the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Moreover, the patentee must allege sufficient facts to "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.' " *Id.* (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

"To find infringement under the doctrine of equivalents, any differences between the claimed invention and the accused product must be insubstantial." *Brilliant Instruments, Inc., v. GuideTech, LLC*, 707 F.3d 1342, 1346 (Fed. Cir. 2013) (citation

3

1  omitted).  One way to establish this is "to show, for each claim limitation, that the accused
2  product performs substantially the same function in substantially the same way with
3  substantially the same result as each claim limitation of the patented product." *Id.* at 1347
4  (citation and quotation marks omitted).

5  Plaintiff appears to allege Amazon infringed directly and/or under the doctrine of
6  equivalents upon Claims 1, 13 and 29 of the '259 Patent.

### 1. Claims 1 and 13

8  Plaintiff alleges "networking products sold by Amazon, such as Juniper EX series
9  switches etc. contains the chips which read claim 1 and 13 of [the '259 Patent]."  SAC ¶ 8.
10 Plaintiff's inclusion of term "etc." is impermissibly vague as it fails to give Amazon fair
11 notice of the specific products at issue.  *See Bender v. LG Elecs. U.S.A., Inc.*, No. 09-cv-
12 02114-JF (PVT), 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010) ("Sufficient
13 allegations [] include, at a minimum . . . an allegation that certain named and specifically
14 identified products or product components also do what the patent does, thereby raising a
15 plausible claim that the named products are infringing").  Further, Plaintiff's allegation that
16 the infringement theory "is explained in Exhibit X1" is unavailing because claims 1 and 13
17 are not even mentioned in the exhibit, nor are Juniper EX series switches.  Such feeble
18 allegations are plainly insufficient.

### 2. Claim 29

20 Plaintiff's primary claim appears to be that Amazon sells over thirty products that
21 contain an "IC chip" that infringes on the '259 Patent.  SAC ¶¶ 7, 9, 10.  Rather than state
22 the infringement theory in the complaint, Plaintiff alleges "[h]ow these products infringe . .
23 . is explained in Exhibit X1."  *Id.*

24 Exhibit X1 pertains to EEPROM chips.  ECF 71-2 ("Ex. X1").  EEPROM chips are
25 purportedly used in "cell phone, computer PC & Server, networking equipments [sic] and
26 consumer electronics to control the digital cameras, control the reading and writing timing
27 and function of the DRAM and Flash memory from the CPU and SoC chips."  *Id.* at 2.
28 The EEPROM chip reading circuit appears to be the infringing feature found in the dozens

4

of products sold by Amazon. *Id.*

Despite claims that his infringement theory would be revealed, Exhibit X1 raises more questions than it answers. As above, Plaintiff fails to specify which particular products are at issue. In addition to appending many of the products with the catchall term "etc.," Plaintiff also includes whole categories of products without any further detail, such as "Nintendo Switch, Latest Xbox [and] ZOTAC gaming." *Id.* at 4. The connection between the products and EEPROM chips is similarly vague. Plaintiff asserts the infringing reading circuit was "extracted from the EEPROM chips of most major EEPROM providers." *Id.* at 2. Plaintiff doesn't provide any further identifying information, such as manufacturer or chip model. Instead, he simply concludes these anonymous EEPROM chips are found in dozens of products sold by Amazon. Moreover, Plaintiff doesn't clearly explain how the EEPROM circuitry relates to the content addressable memory (CAM) system of claim 29 of the '259 Patent. These conclusory allegations do not plausibly support a claim for patent infringement. *See Golden v. Intel Corp.*, 642 F. Supp. 3d 1066, 1071 (N.D. Cal. 2022), *aff'd*, No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) (noting plaintiff's "fail[ure] to include factual allegations beyond the identities of the defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents" insufficient to state a claim for patent infringement).

Even if the Court were to accept Plaintiff's Third Amended Complaint as the operative pleading, his claims would still be inadequate. Like the SAC, Plaintiff asserts his infringement theory is borne out in Exhibit X1. ECF 87 ¶¶ 7, 9. However, the additional facts in Exhibit X1 appear as window dressing, while the structural problems identified in Amazon's motion remain. For one, Plaintiff continues to employ imprecise language, including "etc.," to define the products at issue. *See* ECF 87-1 at 2. Moreover, Plaintiff includes thirteen EEPROM chip model numbers purportedly present in these products. Yet, this appears to be a non-exhaustive list because Plaintiff suggests the EEPROM chips inside the products "include, but [are] not limited to" the thirteen listed models. *Id.* Moreover, Plaintiff fails to tie any of the EEPROM chips to one of the

5

infringing products. The only photograph purportedly shows an EEPROM chip in an "iPhone A12, A13 and A14." *Id.* at 3. Plaintiff asserts "Apple iPhone X, 11, 12, 13, 14, 15 etc. use 24CXX EEMPROM chip to control the read of storage memory," but that model is seemingly not included in Plaintiff's list of infringing chips. As Defendant puts it, Exhibit X1 is "hopelessly unclear" because Amazon has no means of responding to the claims without some clarity as to which chips include the infringing reading circuits and where those chips are included among the dozens of products. Given this uncertainty, Plaintiff's direct infringement claim under either the literal infringement or doctrine of equivalents theories is dismissed.

## B.   Indirect Patent Infringement

Plaintiff also alleges Amazon "induced its Customers to have infringed" claim 29 of the '259 Patent. SAC ¶ 14.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). A plaintiff asserting induced infringement must "prove that: (1) a third party directly infringed the asserted claims of the [relevant] patents; (2) [the defendant] induced those infringing acts; and (3) [the defendant] knew the acts it induced constituted infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). At the motion to dismiss stage, an inducement claim "must contain facts plausibly showing that [the defendant] specifically intended [the direct infringer] to infringe [the patent-in-suit] and knew that the [direct infringer's] acts constituted infringement." *Grecia v. VUDU, Inc.*, No. 14-cv-0775-EMC, 2015 WL 538486, at *7 (N.D. Cal. Feb. 9, 2015) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). However, an inducement claim cannot stand "without an underlying act of direct infringement." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004); *see also Golden v. Google LLC*, No. 22-cv-05246-HSG, 2023 WL 5154513, at *4 (N.D. Cal. Aug. 10, 2023) (dismissing pro se plaintiff's indirect infringement claims for failure to allege direct infringement).

Because Plaintiff fails to allege direct infringement, his claim for indirect infringement is a non-starter. Even if he sufficiently alleged direct infringement, however, the SAC lacks the foundational facts to establish inducement. As Amazon points out, Plaintiff doesn't allege any facts showing the former actively induced third party consumers with the knowledge that the induced acts constitute patent infringement. Moreover, the meager allegations that can be attributed to this claim are "merely naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's indirect infringement claim is also dismissed.

### C. Leave to Amend

Leave to amend should be freely granted unless amendment would be futile. Fed. R. Civ. P. 15. Having carefully considered the record, the Court concludes that leave to amend would be futile. Starting with Meta's motion to dismiss the first amended complaint, Plaintiff has been on notice of the confusing and disconnected nature of his pleadings. *See* ECF 54 at 6-7. However, at every opportunity, Plaintiff has failed to meaningfully engage with either Meta or Amazon's critiques. While proceeding without an attorney, other courts have noted Plaintiff "is a sophisticated pro se litigant, an engineer, and a business owner." *Xiaohua Huang v. Huawei Techs. Co.*, No. 15-cv-01413-JRG (RSP), 2017 WL 1133201, at *4 (E.D. Tex. Mar. 27, 2017), *aff'd*, 735 F. App'x 715 (Fed. Cir. 2018). Thus, the Court construes Plaintiff's refusal to clarify his pleadings, in light of his prior experience in patent litigation, to mean any further amendment would be futile.

### IV. CONCLUSION

Amazon's motion to dismiss Plaintiff's second amended complaint under Fed. R. Civ. P. 12(b)(6) is GRANTED. Further, because the Court finds that amendment would be futile, leave to amend is DENIED.

**IT IS SO ORDERED.**

Dated: January 26, 2024          _____
                                  NATHANAEL M. COUSINS
                                  United States Magistrate Judge

7